IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Curt G. Wagner,  )
                )
    Plaintiff,   )
                )
    v.          )  No.
                )
Portfolio Recovery Associates, LLC, a )
Delaware limited liability company,   )  1:10-cv-0297 WTL-DML
                )
    Defendant.   )  Jury Demanded

## COMPLAINT

Plaintiff, Curt G. Wagner, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Curt G. Wagner ("Wagner"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Capital One National Association.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Wagner.

5. Defendant PRA is a bad debt buyer, which specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect. Defendant PRA buys debts on a nationwide basis and attempts to collect debts from consumers throughout the United States, including from thousands of consumers in Indiana.

## FACTUAL ALLEGATIONS

6. During November, 2009, Mr. Wagner informed Defendant PRA that he was represented by an attorney as to his debts, and gave PRA his attorney's name and contact information.

7. Nonetheless, Defendant PRA continued to call Mr. Wagner regarding payment of his delinquent debts, and sent him a collection letter, dated January 28, 2010, demanding payment of a debt he owed for a Capital One credit card. A copy of this letter is attached as Exhibit A.

8. Accordingly, on February 15, 2010, Mr. Wagner's attorney called Defendant PRA and spoke with "Alexia", who confirmed to him that PRA had the attorney's name and contact information relating to his representation of Mr. Wagner in its file since November, 2009.

9. Moreover, on February 17, 2010, Mr. Wagner's attorney confirmed this conversation, and his representation via a facsimile letter he sent to PRA. Copies of

this letter and the fax confirmation are attached as Exhibit B.

10. Nonetheless, Defendant PRA's debt collectors continued to call Mr. Wagner to demand that he pay the debts that PRA was collecting, including a call on February 18, 2010 by a collector named "Dustin", a February 19, 2010 call from a collector named "Ms. Meyers", and a February 22, 2010, from a collector named "Valeri Perez". In each call, either Mr. Wagner, or his wife, Keya, informed the collector that they were represented by counsel and gave the collector their attorney's name and contact information.

11. All of Defendant PRA's collection actions, complained of herein, occurred within one year of the date of this Complaint.

12. Defendant PRA's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

15. Defendant PRA knew that Mr. Wagner was represented by counsel in connection with his debts because Mr. Wagner, his wife and his attorney had repeatedly notified it, orally and in writing, that he was represented by counsel. By directly sending

3

Mr. Wagner the January 28, 2010 letter, and by repeatedly calling him, despite knowing that Mr. Wagner was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

16. Defendant PRA's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violations Of § 1692d Of The FDCPA – Harassment And Abuse

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, see 15 U.S.C. § 1692d.

19. Defendant PRA, by repeatedly attempting to contact Mr. Wagner directly, via letter and telephone, despite the fact that PRA had known, since November 2009, that Mr. Wagner was represented by counsel, engaged in conduct, the natural consequence of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

20. Defendant's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Curt G. Wagner, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

4

2. Enter judgment in favor of Plaintiff Wagner, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Curt G. Wagner, demands trial by jury.

Curt G. Wagner

By: _____
One of Plaintiff's Attorneys

Dated: March 12, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com